IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ASHLEY R. JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) Case Number CIV-09-1303-C |
| JACKSONS OF ENID, INC.; JACKSONS | ) |
| OF ENID d/b/a JACKSON CHRYSLER | ) |
| DODGE; JACKSONS OF ENID d/b/a | ) |
| JACKSON CHRYSLER DODGE JEEP; | ) |
| RANDY SCOTT, an Individual; and | ) |
| BARBARA HAIL, an Individual, | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff's Petition[1] asserts a number of claims against her employer, Jacksons of Enid (Jacksons), as well as two of Jacksons' employees, Mr. Scott (Scott) and Ms. Hail (Hail). According to Plaintiff, beginning in December 2008, Scott began calling Plaintiff on the company intercom phone, telling her that she was sexy, and asking her provocative questions. Plaintiff states that she reported this improper behavior to Hail, her supervisor, who did nothing about it. Hail then told Scott about Plaintiff's complaints, and subsequently, on two separate occasions, Scott told Hail that Plaintiff was having sexual intercourse with one or more of Jacksons' employees who worked in the detail shop. Hail did nothing about Scott's comments, and subsequently herself began accusing Plaintiff of similar behavior.

---

[1] Plaintiff originally filed this action in state court. Accordingly, the initiating pleading is properly referenced as a Petition. The Court will continue that designation throughout this Order for clarity.

Plaintiff claims that Hail also told her that she would be fired if she did not drop her sexual harassment claims against Scott. As a result of the situation at Jacksons, Plaintiff quit her job in January 2009.

Plaintiff asserts a number of claims pursuant to Title VII, 42 U.S.C. § 2000e, et seq., against Jacksons. Plaintiff also alleges claims of defamation and intentional infliction of emotional distress against both Scott and Hail. In addition, Plaintiff claims that Jacksons is also vicariously liable for the torts of Scott and Hail. Defendants filed the present Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendants claim that Plaintiff's Petition was not timely filed and that her Title VII claims must therefore be dismissed. In addition, Defendants argue that the statements made between Hail and Scott cannot constitute defamation because they were never published to a third party. Finally, Defendants argue that they cannot be liable for intentional infliction of emotional distress because the behavior alleged by Plaintiff does not rise to the necessary level of severity to be actionable.

## STANDARD OF REVIEW

In considering a Rule 12(b)(6) motion to dismiss, a court must accept the complaint as true and must construe all facts in the light most favorable to the plaintiff. Seamons v. Snow, 84 F.3d 1226, 1231-32 (10th Cir. 1996). Consistent with the liberal pleading standards of Fed. R. Civ. P. 8(a)[2], the plaintiff need not plead detailed factual allegations, but

---

[2] Fed. R. Civ. P. 8(a) provides that "A pleading that states a claim for relief must contain . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief."

the face of the complaint must indicate a plausible right to relief that is not simply speculative. James River Ins. Co. v. Ground Down Eng'g, Inc., 540 F.3d 1270 (11th Cir. 2008). A complaint containing only conclusory allegations without any factual support will not survive a motion to dismiss. Briscoe v. LaHue, 663 F.2d 713, 723 (7th Cir. 1981). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Bell Atl. Corp., 550 U.S. 544, 563 (2007).

### DISCUSSION

**1. Defamation**

In order for Plaintiff to prevail on her claims of defamation, she must prove "(1) a false and defamatory statement; (2) an unprivileged publication to a third party; (3) fault amounting to at least negligence on the part of the publisher; and (4) either the actionability of the statement irrespective of special damage, or the existence of special damage caused by the publication." Malson v. Palmer Broad. Group, 2001 OK CIV APP 10, ¶ 11, 18 P.3d 359, 362.

Defendants argue that Plaintiff failed to plead that the allegedly defamatory statements were ever published to a third party. The Court disagrees. Plaintiff's Petition clearly states that "[e]ach of the above statements were made, or otherwise published, to numerous individuals, both known and yet to be determined." (Pet., Dkt. No. 1, Ex. 2 at ¶ 6.2.) Such

---

This has been interpreted to require the complaint to provide sufficient notice to the defendant regarding what the plaintiff is claiming and the grounds upon which the claim is made. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

allegations are sufficient to establish the element of publication, and Defendants are therefore not entitled to dismissal of Plaintiff's defamation claims..

**2. Intentional Infliction of Emotional Distress**

In order for Plaintiff to prevail on her claims of intentional infliction of emotional distress, she must demonstrate that: "(1) the defendant acted intentionally or recklessly; (2) the defendant's conduct was extreme and outrageous; (3) the defendant's conduct caused the plaintiff emotional distress; and (4) the resulting emotional distress was severe." Computer Publ'ns, Inc. v. Welton, 2002 OK 50, ¶ 7, 49 P.3d 732, 735. A defendant's conduct must be so outrageous and extreme that it goes "beyond all possible bounds of decency, and . . . is regarded as atrocious and utterly intolerable in a civilized community." Id. at ¶ 9, 735.

> "[L]iability clearly does not extend to mere insults, indignities, threats[,] annoyances[], petty oppressions, or other trivialities. The rough edges of our society are still in need of a good deal of filing down, and in the meantime plaintiffs must necessarily be expected and required to be hardened to a certain amount of rough language, and to occasional acts that are definitely inconsiderate and unkind.

Mirzaie v. Smith Cogeneration, Inc., 1998 OK CIV APP 123, ¶ 18, 962 P.2d 678, 682 (quoting Restatement (Second) of Torts § 46 cmt. (d) (1965)).

When considering claims of intentional infliction of emotional distress, the court "'must determine whether the defendant's conduct may reasonably be regarded as *so extreme and outrageous* as to permit recovery or whether it is necessarily so. . . . Likewise, it is for the court to determine, . . . whether based upon the evidence presented, *severe emotional*

*distress* can be found.'" Computer Publ'ns, 2002 OK 50, at ¶ 8, 40 P.3d at 735 (quoting Breeden v. League Servs. Corp., 1978 OK 27, ¶ 12, 575 P.2d 1374, 1377-78).

Accepting Plaintiff's allegations as true, the Court finds that they cannot, as a matter of law, rise to the level of "extreme and outrageous conduct" required to maintain this cause of action. While Plaintiff alleges that Scott called her sexy over the company intercom phone, asked her provocative questions, and then, on two occasions, told Hail that Plaintiff was having sexual intercourse with one of Jacksons' employees, such behavior, while inappropriate, is not "beyond all possible bounds of decency." See Mirzaie, 1998 OK CIV APP 123, ¶¶ 17-23, 962 P.2d at 681-84; Eddy v. Brown, 1986 OK 3, ¶¶ 14, 18, 715 P.2d 74, 76-77 (Okla. 1986). Accordingly, Plaintiff's claims for intentional infliction of emotional distress against all Defendants must be dismissed.

## 3. Title VII

Defendants contend that Plaintiff's Title VII claims are time-barred. The Equal Employment Opportunity Commission (EEOC) sent Plaintiff a right to sue letter on July 24, 2009. According to Plaintiff's Affidavit, it generally takes mail sent from Oklahoma City no less than four days to reach her home in Enid. Plaintiff therefore claims that she received her right to sue letter no earlier than July 28, 2009. On October 26, 2009, the Garfield County Court Clerk received Plaintiff's Petition by certified mail. However, the court clerk refused to file stamp the Petition until Plaintiff's jury fee was received. As a result, Plaintiff's Petition was not file stamped until October 28, 2009.

Oklahoma statutory law provides that "[a] civil action is commenced by filing a petition with the court." 12 Okla. Stat. § 2003. "The file-stamp date does not always reflect the file date, however, because filing means 'delivery of the instrument to the proper custodian . . .'" Bruce v. Employers Cas. Co., 1995 OK CIV APP 65, ¶ 4, 897 P.2d 313, 314 (citation omitted). Here, Plaintiff has submitted a copy of the signed receipt of her Petition, which lists the date as October 26, 2009. Accordingly, Plaintiff's Petition is deemed filed on that date.

Pursuant to the strictures of Title VII, if a charge filed with the EEOC is dismissed, then the EEOC must notify the claimant and "within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge." 42 U.S.C. § 2000e-5(f)(1). The Tenth Circuit has interpreted this provision to mean that "[t]he time period for bringing a private civil rights action is any time within 90 days of receipt of a right to sue letter." Carlile v. South Routt School Dist. RE 3-J, 652 F.2d 981, 984 (10th Cir. 1981). As noted by Defendants, a presumption exists that a claimant receives a right to sue letter three mailing days after the date on the notice. See Barrett v. Rumsfeld, 158 F.App'x 89, 92 (10th Cir. 2005).

Here, the postmark on Plaintiff's right to sue letter is July 24, 2009. The Court may presume that she received the letter on July 27, 2009, since July 26, 2009, was a Sunday and therefore not a mailing day. Because Plaintiff's Petition was filed on October 26, 2009, when it was received by the Garfield County Court Clerk, it is timely.

6

## CONCLUSION

Accordingly, Defendant's Motion to Dismiss (Dkt. No. 3) is GRANTED IN PART and DENIED IN PART. Plaintiff's claims of intentional infliction of emotional distress against all Defendants are DISMISSED WITH PREJUDICE. Plaintiff's other claims remain.

IT IS SO ORDERED this 30th day of April, 2010.

ROBIN J. CAUTHRON
United States District Judge